UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NKENIJIKA FRANKS and THEODORE TREASURE,

            Plaintiffs,

- against -

THE CITY OF NEW YORK, POLICE OFFICER EDWIN VEGA badge number 027670, POLICE OFFICER JOHN DOE and POLICE OFFICER JOE COE,

            Defendants.

**OPINION AND ORDER**

16 CV. 9938 (ER)

Ramos, D.J.:

      Nkenijika Franks ("Franks") and Theodor Treasure ("Treasure") (together, "Plaintiffs") bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging claims for unreasonable search and seizure, false arrest and imprisonment, assault and battery, and malicious prosecution. Doc. 9 ("Am. Compl.") at 1. Before the Court is the City of New York's[1] ("Defendant") motion to stay the action until the criminal prosecution of third-party Dashawn Johnson ("Johnson") and a Civilian Complaint Review Board ("CCRB") investigation of one of the defendants conclude. Doc. 10 ("Mot. to Stay") at 1. For the reasons stated below, the motion is DENIED without prejudice

**I. Background[2]**

      Plaintiffs filed this § 1983 action based on three incidents with the police: an arrest on October 20, 2016, a stop on December 24, 2016, and a stop on March 7th, 2017. Am. Compl. at 4-5.

---

[1] This motion to stay was filed on behalf of The City of New York only.

[2] The following facts are drawn from the amended complaint and the parties' submissions.

On October 20th, at approximately 9:00 p.m., Plaintiffs were in Treasure's car which was stopped at the side of the road near 225th St. and Schefflien Avenue in the Bronx, New York. *Id.* at 4. Police officers approached in an unmarked car, and Treasure drove the car around the corner where Plaintiffs were subsequently stopped, searched, and arrested for criminal possession of a weapon in the second degree, in violation of N.Y. State Penal Law Section 265.03. *Id.* The police found no weapons in Plaintiffs' possession. *Id.* Plaintiffs allege that there was no probable cause for this stop, that Treasure's car was subjected to a warrantless search, and that they were subjected to excessive force near the car, at the 47th precinct, and at central booking. *Id.*

Defendant maintains that another individual, Johnson, who was separately apprehended for possession of two firearms, fled from Treasure's car when the officers approached. Mot. to Stay at 1. The Plaintiffs aver that Johnson was not in the car at the time of their arrest. Am. Compl. at 5. Johnson was indicted for criminal possession of the two firearms and the charges against him are currently pending. Mot. to Stay at 1.

The Bronx District Attorney's Office declined to prosecute the Plaintiffs due to insufficient evidence to support the weapons charge as to them. Doc. 12 ("Pls.' Opp'n") at 6. As to the remaining incidents alleged in the Complaint, it is undisputed that Johnson was not with the Plaintiffs on December 24th, 2016 or March 7th, 2017. Am. Compl. at 5. Plaintiffs allege that on both of these dates, Officer Vega ("Vega") stopped Treasure's car and harassed them. *Id.*

Currently, there is an ongoing CCRB investigation into Plaintiffs' claims that Vega harassed them on December 24, 2016 in violation of N.Y.P.D. rules and regulations. Mot. to Stay at 3.

**II. Discussion**

The question before the Court is whether to stay the instant case while the non-parallel criminal action against Johnson proceeds. It is well settled that federal district courts have discretion to stay civil matters pending a parallel criminal case, *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970), and courts in this circuit have held that the civil and criminal cases do not need to be completely parallel to warrant a stay. *See United States v. Banco Cafetero Int'l*, 107 F.R.D. 361, 365 (S.D.N.Y. 1985) (noting that the identity of the parties and issues addressed in the civil and criminal cases need not be identical) *aff'd*, 797 F.2d 1154, 1163 (2d Cir. 1986). Nevertheless, a stay of a civil case is an extraordinary remedy, *Jackson v. Johnson*, 985 F. Supp. 422, 424 (S.D.N.Y. 1997), and the strongest case for a stay is when the party under criminal indictment is also the party defending a civil suit arising from the same set of facts. *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

The party moving for a stay "bears the burden of establishing its need." *Louis Vuitton Malletier S.A v. LY USA Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). If the moving party cannot establish that it will suffer undue prejudice or that its constitutional rights will be violated, the non-moving party should not be delayed in its efforts to diligently proceed to sustain its claim. *Transatlantic Reinsurance Co. v. Salatore Ditrapani, Int'l*, No. 90 Civ. 3884 (JMC), 1991 WL 12135, at *2 (S.D.N.Y. Jan. 28, 1991) (quoting *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980)).

3

In determining whether to grant a stay, the court balances the following factors: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

### A. Overlap of Issues

As stated above, Plaintiffs allege a number of federal and state civil causes of action. Neither the Plaintiffs nor the Defendant is a party to the criminal action against Johnson for possession of firearms. While courts have held that the civil and criminal cases do not need to be completely parallel in order to justify a stay, there still has to be a "strong[] connection" between the cases. *Banco Cafetero Int'l.*, 107 F.R.D., at 365 (S.D.N.Y. 1985).

Defendant argues that the "strong connection" arises from the fact that Johnson was arrested after fleeing from Treasure's car. Mot. to Stay at 1. Specifically, Defendant claims that it will "likely depose" Johnson relating to statements he made to the police "either admitting or denying" possession of the firearms which formed the basis for Plaintiffs' arrests. Mot. to Stay at 2. Defendant has not made any specific arguments relating to these statements, nor is there any allegation that Johnson even made post-arrest statements. Even assuming arguendo that Johnson claims joint possession of the firearms, according to N.Y. Penal Law, when a weapon is found upon an individual – as happened here – it overrides the presumption that all persons occupying an automobile share its possession if the weapon is found in the car. N.Y. Penal Law § 265.15.

Defendant relies on three cases in support of its contention that a stay should be granted despite the fact that the underlying prosecution is against a non-party. Mot. to Stay at 2. One of these cases, *Gustave v. City of New York*, does not support Defendant's position since in *Gustave,* one of the plaintiffs in the civil suit was also the defendant in the criminal prosecution arising from the same set of facts. No. 10 Civ. 3314 (KAM), 2010 WL 3943428, at *3 (E.D.N.Y. Oct. 6, 2010) (noting that denying a stay for one plaintiff and not the other would not make sense since their factual and legal claims were intertwined).

The other two cases are unpersuasive since, in each, there was a stronger connection between the plaintiff's civil case and the non-party's criminal prosecution than exists in the present case. In *Swinson v. City of New York*, Randy Swinson ("Swinson") alleged that he was assaulted and stabbed in the shower area of MDC because of correctional officers' misconduct. No. 12 Civ. 6080 (VB), 2015 WL 873390, at *1 (S.D.N.Y. Aug. 6, 2010). The City's motion to stay was granted even though the related criminal prosecution was against non-party Chandler Burch ("Burch"). No. 12 Civ. 6080 (VB) (S.D.N.Y. Aug. 6, 2010) (ECF Order Feb. 11, 2013). Unlike in the instant case where the connection between the Plaintiffs and Johnson is disputed, it was undisputed that Swinson and Burch were involved in a fight and therefore, that Burch's actions were relevant to Swinson's civil claim. In *Aytch v. Redmond*, the court granted a stay for the ongoing criminal prosecution of a non-party who had been arrested for firearm possession while driving the plaintiff's rental car. No. 12 Civ. 3416 (RRM) (E.D.N.Y Jul. 10, 2012) (ECF Order May 13, 2013). Although both *Aytch* and the instant case involve a car and gun possession, in *Aytch* there was a clearer connection between the cases since the non-party was driving the plaintiff's car and the gun was found in the glove compartment, a shared space, rather than on the non-party in a separate location.

5

As to the interactions with the police on December 24, 2016 and March 7, 2017, it is undisputed that Johnson was not present and therefore that his criminal proceeding is in no way related to these incidents. *See McLellan v. City of New York*, No. 15 Civ. 6758 (TPG), 2016 WL 107489, at *2 (S.D.N.Y. Jan. 8, 2016) (reasoning that there was not an overlap of issues since the criminal defendant, who was not a party in the civil case, was only relevant to one of the arrests on which the plaintiff's § 1983 claim was based).

Given that Defendant's only argument for an overlap of issues is Johnson's possible deposition regarding possession of the firearms, the Court finds that Defendant has not met its burden of demonstrating a strong connection between the cases. This factor tips in favor of denying the stay.

### B. Status of the Criminal Case

As mentioned above, the strongest case for a stay is when the same party who is under criminal indictment is defending a civil case. *Volmar*, 152 F.R.D. at 39. Plaintiffs were arrested on October 20, 2016. However, the charges against them were dismissed and they are not parties to the criminal action that forms the basis for the motion to stay.

Johnson was indicted on October 26, 2016 and is set to appear in court on December 5, 2017. *People v. Johnson*, No. 03336-2016 (Bronx Sup. Ct. filed Oct. 21, 2016). Defendant suggests that the fact that Johnson was indicted and the criminal case is proceeding is a reason to grant the stay. While an indictment is a highly persuasive reason to grant a stay when the cases are parallel, *see Volmar*, 152 F.R.D. at 39, when the cases are not parallel, the status of the criminal case is relevant in determining whether the cases have enough overlap to warrant a stay. *See Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247-48 (S.D.N.Y. 2015)

(citing *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139). The Court recognizes Defendant's concern that Johnson will likely invoke his 5th amendment right against self-incrimination if deposed pending the conclusion of the criminal prosecution, and while the City may be prejudiced by that invocation, that is not reason enough to stay all discovery in a case that raises numerous additional issues, including those arising out of the December 2016 and March 2017 stops. Given these additional concerns, the status of the criminal case also tips in favor of denying the stay. However, the denial will be without prejudice to review after completion of all other discovery.

### C. Weighing the Private and Public Interests

Plaintiffs have a strong interest in efficiently litigating their case and Defendant has not provided sufficient evidence that it will be unduly prejudiced, or that its constitutional rights will be violated without a stay. *McLellan*, 2016 WL 107489, at *2 ("[p]revailing law in this district holds that a plaintiff should not be delayed in diligently proceeding with his claim unless the party moving for a stay would otherwise suffer undue prejudice or its constitutional rights would be violated without a stay.") Defendant's main argument in favor of a stay is that it will "likely depose" Mr. Johnson and, without a stay, his Fifth Amendment right will render his deposition and some physical evidence useless. Mot. to Stay at 2. This argument is unpersuasive since it relies on a speculative deposition that may potentially impact the present case. *See McLellan*, 2016 WL 107489, at *2 (reasoning that a "speculative disadvantage" did not prejudice the defendant). If the Court granted the motion to stay it would surely delay resolution of this case.

Defendant also argues that the Court should grant the stay because of the ongoing CCRB investigation. According to Local Rule 83.10.[3], a CCRB review is not a dispositive reason to grant the stay.

Since Defendant has not sufficiently demonstrated that it will be prejudiced or that its constitutional rights will be violated, this factor tips in favor of denying the stay.

**III. Conclusion**

After examining and balancing the parties' interests, it appears that the interests weigh in favor of the Plaintiffs. For the reasons set forth above, Defendant's motion to stay is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 10.

It is SO ORDERED.

Dated: November 21, 2017
      New York, New York

                                                            Edgardo Ramos, U.S.D.J.

---

[3] The Court agrees with the Plaintiffs that Local Rule 83.10(a)(ii) contemplates moving forward. This rule also sets forth limited discovery for cases with an ongoing CCRB investigation.

8